IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01770-BNB

PATRICK ROSELLI,

    Applicant,

v.

T. K. COZZA-RHODES, Warden,

    Respondent.

---

## ORDER OF DISMISSAL

---

Applicant, Patrick Roselli, was a prisoner in the custody of the Federal Bureau of Prisons (BOP) at the Federal Correctional Institution in Florence, Colorado, when he initiated the instant action by filing *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1). The Court has learned through the inmate locator on the BOP website, www.bop.gov, that Mr. Roselli has been transferred to a residential re-entry center (RRC) in Miami, Florida. *See* ECF No. 20.

On July 10, 2012, and again on August 6, 2012, Magistrate Judge Boyd N. Boland ordered entered an order (ECF Nos. 4 and 9) directing Respondent to file a preliminary response limited to addressing the affirmative defense of exhaustion of administrative remedies if Respondent intended to raise that defense in this action. On August 13, 2012, Respondent filed a preliminary response (ECF No. 13) arguing that this action should be dismissed for failure to exhaust administrative remedies. On September 4, 2012, Mr. Roselli filed a reply (ECF No. 17) to the preliminary response.

The Court must construe liberally the filings of Mr. Roselli because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action.

Mr. Roselli claims the BOP has violated his Fifth Amendment substantive and procedural due process rights by deducting fifteen days of his good-conduct time as a result of "contraband," i.e. less than a gram of a tobacco-like substance, discovered in his cell. ECF No. 1 at 2-3. He further alleges the contraband did not belong to him, and that his cell-mate admitted the contraband belonged to him. ECF No. 1 at 3. As a result of being convicted of the disciplinary offense of possession of tobacco and losing good-conduct time, he argues his transfer to an RRC, scheduled for August 21, 2012, was extended to September 6, 2012. *Id.* He also makes the vague and conclusory allegation that special housing unit officials have retaliated against him by writing him up on false infractions in order to keep him imprisoned and deduct all his good-conduct time so he will be unable to transfer to an RRC. *Id.*

As relief, Mr. Roselli asks for his immediate release and transfer to an RRC on August 21, 2012. He further asks that special housing unit officials be instructed to stop retaliating against him. Lastly, he asks for his disciplinary conviction to be expunged from his prison record. Mr. Roselli concedes he has failed to exhaust administrative remedies, maintaining that the exhaustion process is futile because he appealed the discipline hearing officer's guilty finding as to the tobacco possession offense, and the appeal process would have exceeded the time when he was scheduled for transfer to

the RRC.  Respondent contends that the habeas corpus application should be dismissed without prejudice for failure to exhaust administrative remedies.

Exhaustion of administrative remedies is a prerequisite to federal habeas corpus relief pursuant to 28 U.S.C. § 2241.  *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986) (per curiam).  The exhaustion requirement is satisfied through proper use of the available administrative procedures.  *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (discussing exhaustion of administrative remedies in the context of 42 U.S.C. § 1997e(a)).

The BOP administrative remedy procedure is available to federal prisoners such as Mr. Roselli.  *See* 28 C.F.R. §§ 542.10 - 542.19. The administrative remedy procedure allows "an inmate to seek formal review of an issue relating to any aspect of his/her own confinement."  28 C.F.R. § 542.10(a).  Generally, a federal prisoner exhausts administrative remedies by attempting to resolve the matter informally and then completing all three formal steps by filing an administrative remedy request with institution staff as well as regional and national appeals.  *See* 28 C.F.R. §§ 542.13 - 542.15.  With respect to prison disciplinary proceedings, exhaustion of administrative remedies requires an inmate to file an appeal initially to the regional director before pursuing a national appeal.  *See* 28 C.F.R. § 542.14(d)(2).

An inmate has twenty days to appeal to the appropriate regional director and thirty days to file a national appeal to the BOP Central Office after receiving a response at the preceding level.  "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level."  28 C.F.R. § 542.18.  "An inmate may not raise in

3

an Appeal issues not raised in the lower level filings." 28 C.F.R. § 542.15(b)(2). An inmate also "may not combine Appeals of separate lower level responses (different case numbers) into a single Appeal." *Id.*

If an inmate fails to comply with the procedural requirements of the administrative remedy process, a request may be rejected at any stage of the process. 28 C.F.R. § 542.17(a). When a submission is rejected, the inmate is provided with a written notice as to the reason for rejection, and if the defect is correctable, a reasonable extension of time to correct the defect and resubmit the appeal. 28 C.F.R. § 542.17(b). If an appeal is rejected and the inmate is not given an opportunity to correct the defect, the inmate may appeal the rejection to the next appeal level. 28 C.F.R. § 542.17(c). The coordinator at the next appeal level may affirm the rejection, direct it to be submitted at the lower level, or accept it for filing. *Id.*

On June 14, 2012, Mr. Roselli filed an administrative remedy appeal at the regional office level. ECF No. 13, ex. A at 5, ¶ 11; *see also* attachment at 12. The remedy was rejected because Mr. Roselli did not include a copy of the disciplinary hearing officer's (DHO) report. ECF No. 13, ex. A at 5, ¶ 11. He was informed he could resubmit his appeal in proper form within ten days of the date on the rejection notice. *Id.* Mr. Roselli did not resubmit his appeal. *Id.*

On June 21, 2012, Mr. Roselli filed a second and separate administrative remedy appeal of a DHO decision. ECF No. 13, ex. A at 5, ¶ 12; *see also* attachment at 12. The appeal was rejected because Mr. Roselli failed to include a copy of the DHO's report. ECF No. 13, ex. A at 5, ¶ 12. He was informed he could resubmit his appeal in proper form within ten days from the date of the rejection notice. *Id.* Mr. Roselli did not

resubmit his appeal. *Id.*

Mr. Roselli has failed to exhaust administrative remedies on the issues raised in his application. ECF No. 13, ex. A at 4, ¶ 10; *see also* attachment at 12. As previously stated, Mr. Roselli admits he has not exhausted administrative remedies, but claims that exhaustion would be futile because the length of time the appeal process may take extends beyond the time Mr. Roselli is scheduled for transfer to the RRC.

The exhaustion requirement may be waived if exhaustion would be futile. *See Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010). However, the futility exception is narrow. *See id.* "Futility exists where resort to [administrative] remedies is clearly useless." *DeMoss v. Matrix Absence Mgmt., Inc.*, 438 F. App'x 650, 653 (10th Cir. 2011). Furthermore, "conclusory allegations that pursuit of administrative remedies would be futile . . . are insufficient to excuse [a] failure to exhaust." *See Mackey v. Ward*, 128 F. App'x 676, 677 (10th Cir. 2005). The Court is not persuaded by Mr. Roselli's conclusory assertions that exhaustion of administrative remedies would be futile.

The Court finds that Mr. Roselli has failed to exhaust administrative remedies for the claims he is raising in this action. Therefore, the instant action will be dismissed without prejudice for failure to exhaust administrative remedies.

Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Roselli files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States

Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that habeas corpus application is denied, and the action is dismissed without prejudice for failure to exhaust administrative remedies. It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied. It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  25th  day of   September  , 2012.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court